OFOIA MISI of Vaitogi, Plaintiff

v.

MRS. MARY PRITCHARD of Fagatogo, Defendant

No. 18-1963

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Mataitua" in Vaitogi]

May 7, 1963

Ofoia Misi *pro se.*
Mary Pritchard *pro se.*

MORROW, *Chief Justice.*

Plaintiff Ofoia Misi filed his petition praying for an order requiring defendant Mary Pritchard "to remove her house" from the land in Mataitua, alleged by the plaintiff to be the communal family land of the plaintiff and his family. Prior to the hearing the Court viewed the house and land involved in the presence of both parties.

The defendant is erecting a Samoan fale upon the land Matai (short for Mataitua) in the Village of Vaitogi. The plaintiff claims that Matai is the communal family land of the Ofoia Family, of which he is the matai. The defendant claims that Matai is the jointly owned property of herself, her three sisters, and her brother, they having inherited the same from their father Joseph W. Jewett who died about 1924. The record of Court Grant 464 at pp. 134–135 of Court Grants shows that on November 25, 1896 the land Matai was declared by the Supreme Court of Samoa to be the property of Thomas Meredith of Apia. Volume 1 of Transfers at pp. 165–166 shows that the administrator of the estate of Thomas Meredith, who died about January 11, 1902, conveyed this same land Matai to Joseph W. Jewett, the father of defendant.

The plaintiff indicated that there was a transaction regarding the land between a former Ofoia and Thomas Meredith and he asked the Court to produce a writing showing that the former Ofoia had conveyed Matai to Thomas Meredith. He also asked the Court to produce a survey of the land. There was no evidence that the former Ofoia could write and the probabilities are he could not, because very few people in Samoa could write at the time this transaction took place, which must have been several years before the Government was established on Tutuila in 1900. This transaction having taken place before the

Government was established, there would be no place in Tutuila where the writing, if there was one, could be filed, nor where the survey could be filed.

■ Ofoia claims that the former Ofoia filed a war damage claim on Matai and testified that he named Matai in his claim as a piece of land that had been damaged by the Marines. However, when the former Ofoia war damage claim was produced, it appeared that he had not mentioned Matai in the claim. Plaintiff Ofoia was clearly mistaken. Defendant Mary Pritchard did file a war damage claim on Matai. Ofoia claimed that his family had gotten the coconuts from the land. Defendant claimed that she had gotten the coconuts, having put the land in the care of various persons since her father's death in 1924. It may very well be that Ofoia Family members did get coconuts from the land. The Samoans are a very generous people, and we believe that either Mary herself or the person in charge of Matai under the authority of Mary may well have permitted members of the Ofoia Family as well as other families in Vaitogi to get coconuts from Matai.

■ Ofoia claimed that there were Ofoia Family graves on the spot where defendant is erecting her fale. However, he failed to show any such graves to the Court when it viewed the land before the hearing. Defendant claimed that the graves were on adjoining land. Furthermore, the defendant has paid taxes on Matai, it being freehold land, since her father died in 1924. The plaintiff admitted that the Ofoia had never paid any taxes on it. Freehold land (land which is the subject of a Court Grant, as Matai is) was taxable up until this year when the new income tax law became effective.

■ Despite the conflict in the testimony, we believe that the weight of evidence is clearly to the effect that the defendant, acting for herself, her sisters, and her brother,

has had possession of Matai ever since their father died in 1924, the defendant having authorized others to look after the land for her and gather the fruits from it for her. We believe from the evidence that such possession was open, notorious, hostile, exclusive and continuous for more than 20 years and that any adverse claim of the plaintiff's family, if there was any, was wiped out so as to vest the ownership in Mary and her sisters and brother. See Sec. 10.0115, Code of American Samoa, 1961 Edition.

However, it is not necessary for the defendant to rely upon adverse possession to establish the title of herself, her sisters, and her brother. We do not base our decision upon adverse possession of Matai by the defendant. We base our decision upon the American Samoan land records and the death of the defendant's father, Joseph W. Jewett, leaving the defendant, her three sisters, and her brother as his heirs.

We shall now quote from Court Grant 464 recorded at pp. 134–135 of Court Grants (American Samoa Land Records):

"Court Grant No. 464
to
T. Meredith
Supreme Court of Samoa

"To all to whom these Presents shall come,
Greeting:

"Be it known by these presents that under Article IV of the Final Act of the Conference of Berlin on Samoan Affairs of June 14, 1889, Thomas Meredith of Apia in Upolu in Samoa has been declared proprietor of all that parcel or lot of land situate in the Village of Vaitogi in the Island of Tutuila in Samoa being land claim No. 2696 and called 'Matai' starting at a point (here follows the description of Matai by metes and bounds)

"In testimony whereof I have caused these letters to be made patent and the seal of the Court to be affixed.

330

"Witness my signature this Twenty Fifth day of November in the year of our Lord, one thousand eight hundred and ninety six.

Henry C. Ide

(L.S.) Chief Justice"

■ The Supreme Court of Samoa had jurisdiction. We do not question the validity of this Court Grant made 67 years ago, four years before the U.S. Flag was raised on Tutuila.

We shall now quote from the record of the deed of the Administrator of the Estate of Thomas Meredith to Joseph W. Jewett found on pp. 165–166 of Volume 1, Transfers (American Samoa land records):

"Administrator in Estate of
Thos. Meredith, deceased
to
Joseph Jewett

"Land called 'Matai' at Vaitogi Know All Men By These Presents that I Robert Lewis Skeen of Apia Samoa Solicitor the duly appointed Administrator of the Estate of Thomas Meredith late of Leone in Tutuila trader deceased (who died on or about the eleventh day of January 1902 A.D.) under and by virtue of a decree of the High Court United States Naval Station Tutuila dated the fourteenth day of January 1902 A.D. Do Hereby in consideration of the sum of Fifteen dollars paid to me by Joseph Jewett of Pago Pago in Tutuila trader (the receipt of which sum I hereby acknowledge) Sell Grant and Transfer unto the said Joseph W. Jewett his heirs and assigns All that parcel of land situate in the Village of Vaitogi in Tutuila called 'Matai' and being the Whole of the land granted to the late Thomas Meredith by Court Grant number four hundred and sixty four of Samoan Court Grants and registered in Volume One folios 134 and 135 of the Register of Court Grants United States Naval Station Tutuila which said land was on the tenth day of June 1902 A.D. sold under auction of the said High Court at public auction at the Court House at Fagatogo Tutuila at which sale the said Joseph W. Jewett was the highest bidder for and was so declared the purchaser of the said land at the price of Fifteen dollars aforesaid Together with all the rights and appurtenances thereunto

331

belonging To Have and to Hold the said lands and premises unto and to the use of the said Joseph W. Jewett his heirs and assigns forever, and I the said Administrator do hereby covenant with the said Joseph W. Jewett his heirs and assigns that I have not encumbered the said property and that they are free from encumbrance, In Witness whereof I have hereunto set my hand this seventeenth day of June one thousand nine hundred and two at Fagatogo Tutuila in the presence of Edwin W. Gurr the Registrar of Titles United States Naval Station Tutuila.

R. L. Skeen
Administrator of Estate of Thomas Meredith.

"I hereby certify that the foregoing deed was duly executed in my presence at the time and place therein stated by the said Robert Lewis Skeen.

E. W. Gurr
Registrar of Titles
United States Naval Station Tutuila"

 Court Grant 464 together with the foregoing administrator's deed establishes a good record title to the land Matai, as described in the Court Grant, in Joseph W. Jewett. Upon his death in 1924 his title became vested in his children, viz.: defendant Mary Pritchard, her three sisters, and her brother. We base our decision upon the Court Grant, the administrator's deed to Joseph W. Jewett, and the inheritance of the land Matai, as described in the Court Grant, by the defendant, her three sisters and her brother, from their father, Joseph W. Jewett, to whom the administrator deeded Matai on June 17, 1902.

Our conclusion from the evidence is that the defendant's house is being erected by her on land which is the property of herself, her three sisters and her brother, as co-owners.

 All five of them are co-owners, and as a co-owner the defendant has a right, subject to the rights of her three sisters and her brother, to occupy and make use of the land.

"Subject to the rights of his cotenants, a cotenant of real property may use and enjoy the common estate in the same manner as though he were the sole proprietor. Subject to the rights of his cotenants, he may occupy and utilize every portion of the property at all times and in all circumstances, but of course he has no right to exclude his co-owners." 14 American Jurisprudence 95.

In view of the evidence, which clearly supports by its greater weight the view that the land Matai, as described in the above Court Grant, is the property of the defendant, her three sisters, and her brother as co-owners, it follows that the plaintiff's petition should be dismissed.

### ORDER

Accordingly, it is ORDERED that the plaintiff's petition be and the same is hereby dismissed.

Costs in the sum of $12.50 are hereby assessed against plaintiff Ofoia Misi, the same to be paid within 20 days.